**Kenneth P. MacKAY et al., Plaintiffs,**

v.

**Max RAFFERTY et al., Defendants.**

No. C–70 468.

United States District Court,
N. D. California.

June 24, 1970.

American Civil Liberties Union, Paul N. Halvonik, Charles C. Marson, Mar-

shall W. Krause, San Francisco, Cal., for plaintiffs.

Elliot G. Steinberg, San Jose, Cal., Thomas C. Lynch, Atty. Gen., State of Cal., San Francisco, Cal., for defendants.

Before HAMLIN, Circuit Judge, and BURKE and WOLLENBERG, District Judges.

## ORDER GRANTING INJUNCTIVE RELIEF

PER CURIAM.

This action attacks the constitutionality of California Education Code § 13121, which provides that no person may be certified as a teacher in the public schools of the State of California unless he has subscribed to a "loyalty oath", the terms of which are set forth below.[1] The oath is attacked on the grounds discussed in Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964). A three-judge court was appointed pursuant to 28 U.S.C. § 2281.

The Court, having heard oral argument and considered the briefs herein, finds the oath promulgated by § 13121 to be essentially indistinguishable from the one declared unconstitutional in *Baggett*. The Court thus feels itself foreclosed from considering the arguments advanced by the State.

Accordingly, the Court declares the above cited statute unconstitutional and hereby orders that defendants be preliminarily and permanently enjoined from

---

1. § 13121. *Teacher's Oath.* Except as provided in this code, no certification document shall be granted to any person unless and until he has subscribed to the following oath or affirmation: "I solemnly swear (or affirm) that I will support the Constitution of the United States of America, the Constitution of the State of California, and the laws of the United States and the State of California, and will * * * promote respect for the flag and * * * *respect* for law and order and * * * allegiance to the government of the United States of America." The oath or affirmation shall be subscribed before any person authorized to administer oaths or before any

member of the governing board of a school district or of any county board of education and filed with the State Board of Education. Any certificated person who is a citizen or subject of any country other than the United States, and who is employed in any capacity in any of the public schools of the state shall, before entering upon the discharge of his duties, subscribe to an oath to support the institutions and policies of the United States during the period of his sojourn within the state. Upon the violation of any of the terms of the oath or affirmation, the State Board of Education shall suspend or revoke the credential which has been issued.

enforcing, directly or indirectly, the provisions of California Education Code § 13121.

The damages claim herein is hereby remanded, for decision on the merits, to the district court judge to whom it was originally assigned.

HAMLIN, Circuit Judge (dissenting):

I respectfully dissent.

I see nothing unconstitutional in the oath under consideration and no reason why any person employed as a teacher in our schools should object to taking it.

The instant oath is not identical with the oath discussed in Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377, and does not contain some of the features there held objectionable.

I do not believe this court should further extend the *Baggett* decision.